**FILED**

YMA RAMIREZ
2481 Vista Laguna Terrace
Pasadena, CA, 91103
PH:   661-317-6270
FAX: 626-701-3310
ramirezyma@outlook.com

In Pro Per

**PAID**

MAR - 9 2018

Clerk, US District Court
COURT 4612

2018 MAR -9  PM 1: 31

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

YMA RAMIREZ,

      Plaintiff,

    vs.

SAINT JOHNS HEALTH CENTER
PROVIDENCE HEALTH AND SERVICES
(A Corporation)., and CROTHALL
HEALTHCARE INC CONSOLIDATE ( A
Corporation)

      Defendant(s)

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: CV 18-1984-AB(DFM)

COMPLIANT  FOR DAMAGES:
VIOLATION OF TITLE VII OF THE CIVIL
RIGHTS ACT OF 1964, AS AMENDED, 42
U.S.C §2000 e-2,  et seq; WRONGFUL
DISCHARGE OF PUBLIC POLICY CACI §
2433

## INTRODUCTION

Plaintiff, Yma Ramirez, by propria persona, complaining of the Defendants, respectfully alleges, upon information and belief, as follows

1.      This is an action, inter alia, in violation of Title VII of the Civil Rights Act of 1964, (42 U.S.C. §2000, (e-2), (e-3) (e-4) (e-5) et seq).   Plaintiff was retaliated against and discharged for participating in a protected activity by CORTHALL HEALTHCARE INC CONSOLIDATE on October 25, 2017.  Plaintiff is seeking to recover damages for discriminatory retaliation, sexual harassment, and unlawful discharge pursuant to Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)  of EEOC

guidelines. The Plaintiff seeks to recover punitive damages and compensatory damages under section (Civ. Code 1981A (b) (1) & § 102 of the Civil Rights Act of 1991.) in accord with Title VII.

## VENUE

2.      Venue is proper in this Court under Title VII pursuant to Federal Code (42 U.S.C. A § 2000e-5 (f)), which provides that an action  may be brought in "any judicial district in the state in which the unlawful employment practice is alleged to have been committed, in the judicial district in  which the employment  records relevant to such practice are maintained or administered, or in the judicial district in which the aggrieved person would have worked but for the alleged employment practice" and because the injury to Plaintiff  occurred, in Los Angeles County, State of California, and the liabilities to which defendants are subject arise in Los Angeles County, State of California.

## THE PARTIES

3.      Plaintiff YMA RAMIREZ and former housekeeper employed by CROTHALL HEALTHCARE INC CONSOLIDATE from March 3, 2017 to October 25, 2017, when she was removed from her employment duties by CROTHALL HEALTHCARE INC CONSOLIDATE. Plaintiff is a resident of Los Angeles County, State of California and resides at 2481 Vista Laguna Terrace Pasadena CA, 91103.  The plaintiff is suing under Title VII of Civil Rights Act of the 1964.

4.      Upon information and belief, SAINT JOHN'S HEALTH CENTER a Corporation an employer within the meaning of 42 U.S.C .A. § 2000e(b) , and at all relevant times has been, a company organized under the laws of the State of California, with its principal place of business in Los Angeles County, State of California.

5.      Upon information and belief, Defendant CROTHALL HEALTHCARE INC CONSOLIDATE is a Corporation an employer with the meaning of 42 U.S.C .A. § 2000e (b), and at all relevant times has been, a company organized under the laws of the State of California, with its principle place of business in Los Angeles County, State of California.

6.      The defendant, SAINT JOHNS HEALTH CENTER is being sued in its capacity as a representative of a business entity.

7. The defendant, CROTHALL HEALTHCARE INC CONSOLIDATE is being sued in its capacity as a business entity.

8. Plaintiff does not know the true names and capacities of defendants sued in the Complaint as Doe 1 through Doe 20, inclusive, and therefore sue these defendants by fictitious names pursuant to Section 474 of the California Code Civil Procedure. Plaintiff will amend this complaint to allege the true names and capacities of Doe 1 through Doe 20, inclusive, when ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the defendants named herein as Doe1 through Doe 20, inclusive, is responsible in some manner for the occurrence, injury and other damages alleged in this complaint.

9. Plaintiff is informed and believes, and on that basis alleges, that each defendant was in some manner responsible for the acts and damages alleged herein, and /or is indebted to Plaintiff as alleged herein, and that each defendant was the agent and co-conspirator of each other defendant, and was acting in the course and scope of agency and conspiracy.

## FACTUAL ALLEGATIONS

10. The Plaintiff, YMA RAMIREZ, beginning in 2017 was a housekeeper for defendant and third party CROTHALL HEALTHCARE INC., CONSOLIDATE was a victim of sexual harassment perpetrated by a SAINT JOHNS CENTER employee. The Plaintiff was approached from the rear in a sexual manner by a male hospital worker named "Mike" who stood behind the Plaintiff making obscene gestures in an up and down motion in close proximity. The Plaintiff confronted the perpetrator in her efforts to express that his conduct was not only offensive but unwelcomed. The Plaintiff immediately contacted a supervisor and reported the incident.
(Section 703(a) (1) of Title VII, 42 U.S.C. § 2000e-2(a))

11. After reporting the sexual harassment, the defendants SAINT JOHN'S HEALTH CENTER employee, TANYA COLLILN Employee relation representative and CROTHALL HEALTHCARE INC. CONSOLIDATE employee(s) SANDRA SCHUSTER Senior Human Resources Representative, TRACY LEWIS Human Resources Representative, Director of Environmental Services BRYANT PENDER, along with supervisor(s) CRYSTAL, JESSICA and ESTHER worked together to

COMPLAINT FOR DAMAGES - 3

suppress /alter video evidence in efforts to discredit the Plaintiff and protect their colleague from any corrective action. (42 U.S.C § 2000 et. seq) [Govt. Code§ 12940(I)(h)]

12.    During the albeit, short investigation of the Plaintiff's claim, a "gang type mentality" erupted within both SAINT JOHN'S HEALTH and CROTHALL HEALTHCARE INC CONSOLIDATES organizations. Encouraged and motivated by their ongoing business relationship, SAINT JOHNS HEALTH CENTER male employee (s) began to take matters in their own hands. In an effort to avenge what "Mike's" colleagues felt were unjust allegations, they decided to intimidate and harass the Plaintiff by minimizing the Plaintiffs sexual harassment complaint by aggressively approaching the Plaintiff from behind and then apologizing. [Govt. Code§ 12940(I)]

13.    After, the initial investigation, retaliation starting becoming more physical in nature from SAINT JOHNS HEALTH CENTER male employee(s). The Plaintiff was assaulted by a male nurse who slammed a heavy anterior door on the Plaintiff left arm causing injury and who antagonistically asked "Do you need to make a report about that!" The Plaintiff had to take several days off from work to rest her arm. When the Plaintiff asked for a copy of the report CROTHALL HEALTHCARE INC CONSOLIDATES employee(s) NANCY office manager, supervisor(s) JESSICA, OSCAR and CRYSTAL gave the Plaintiff the run around and then denied the report to the Plaintiff altogether, in the effort to protect the employee from any corrective action. [Govt. Code§ 12940(I)] (Civ. Code 1981A (b) (1) & § 102 of the Civil Rights Act of 1991)

14.    SAINT JOHNS HEALTH CENTER employee(s) not satisfied that the Plaintiff had learned her lesson, because the Plaintiff would not stop making complaints, continued to intimidate and cause harm to the Plaintiff. Two female workers employed by SAINT JOHNS HEALTH CENTER, waited for the Plaintiff to exit the bio-hazard room and intentionally walked into her personal space until she was run into a nurse's station; hitting the right side of her body and striking her pinky finger on the edge of the table. The Plaintiff was not only hurt but frightened, embarrassed and humiliated. [Labor Code 3601 (a)1] [Title VII]

15.    CROTHALL HEALTHCARE INC CONSOLIDATE and SAINT JOHNS HEALTH CENTER employee(s) began to keep the Plaintiff under surveillance in an adjacent parking lot to SAINT JOHNS HEALTH CENTER building, and CROTHALL HEALTHCARE INC CONSOLIDATE

employee (s). ELIZABETH AND FLORINA (last names unknown) followed the Plaintiff after evening shifts on the freeway as she traveled to her former home located in Lancaster CA. [Govt. Code§ 12940(I)]

16.    After making continued complaints about the hostile environment along with the retaliatory behavior that was spilling now outside of the workplace, CROTHALL HEALTHCARE INC CONSOLIDATES upper management placed the Plaintiff on Paid Administrative Leave. This action was carried out by the Director of Environmental Services BRYANT PENDER and TRACY LEWIS Human Resource Representative with no clear explanation in an effort to punish the Plaintiff for complaining about ongoing harassment. [Govt. Code§ 12940(I)] [Title VII]

17.    After several attempts to resolve unwarranted harassment and retaliation, Plaintiff exhausted all internal options and sought outside assistance.   Plaintiff filed a complaint to EEOC after all communication had been cut off by CROTHALL HEALTHCARE INC CONSOLDATES upper management, SANDRA SCHUSTER, Senior Human Resource Representative, TRACY LEWIS, Human Resource Representative;  BRYANT PENDER, Director of Environmental Services.  During the investigation by the EEOC the Plaintiff was terminated. [Title VII]  [Govt. Code§ 12940(I)]

18.    After Plaintiff was terminated, defendants CROTHALL HEALTHCARE INC CONSOLDLIDATES upper management, Senior Human Resources Representative SANDRA SCHUSTER, Human Resources Representative TRACY LEWIS, coordinator EDDIE PEAZ, and Director of EVS BRYANT PENDER conspired to further injure the Plaintiff  tried to have her unemployment benefits  stopped, by falsifying FMLA paperwork and reporting false statements and documentation to unemployment representatives in efforts to avoid having its unemployment account charged. [Govt. Code§ 12940(I)]

19.    The defendants  CROTHRALL HEALTHCARE INC CONSOLIDATE and SAINT JOHNS HEALTH CENTER employee(s) Senior Human Resource Representative SANDRA SCHUSTER, Human Resource Representative TRACY LEWIS, EDDIE PAEZ, and Director of EVS BRYANT PENDER and TANYA COLLINS employee relations of SAINT JOHN'S HEALTH CENTER acquiesced in the discriminatory conduct or subsequently condoned it and otherwise failed to

take appropriate corrective action which resulted and created a unsafe, anxiety ridden hostile workplace for the Plaintiff Yma Ramirez.  Title VII of the Civil Rights Act of 1964, (42 U.S.C. §2000et seq)

20.    Plaintiff is informed and believes, and thereon alleges, that each of the defendants herein was, at all times relevant to this action, agent, employee, representing partner, or joint venture of the remaining defendants and was acting within the course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the defendants herein gave consent to, ratified, and authorized the acts alleged herein to each of the remaining defendants.

## PROCEDURAL REQUIREMENTS

21    Plaintiff has satisfied all procedural requirements prior to commencing this action. The Plaintiff filed a timely charge under Title VII of Civil Rights Act of 1964 as amended, on the grounds of sexual harassment, retaliation, and unlawful termination with the Equal Employment Opportunity Commission ("EEOC") and brings this action within ninety (90) days of the receipt of a Notice of Right To Sue, issued by the EEOC on December 12, 2017 based on charge No. 480-2018-00589 and on January 3rd 2017 based on charge No. 480-2018-00193, a true and accurate copy of which is attached hereto as Exhibit 1 and 2  (42 U.S.C. §2000e-5(f)).

## Violation of Title VII Civil Rights Act of 1964, As Amended

22.    From March 3, 2017 to October 25, 2017, plaintiff was employed by defendant as a Housekeeper; duties included cleaning discharged patient's rooms, removing trash from receptacles, soiled bedding and linen, and redressing the room for future patients. In addition to working in designated areas, cleaning public restrooms and family rest areas.

## FIRST CAUSE OF ACTION OF RETALIATION

23.    In early July 2017, Plaintiff alleges after reporting a claim of sexual harassment which is a protected activity under Title VII Civil Rights Act of 1964 as amended, against an employee of SAINT JOHNS HEALTH CENTER. The  defendant(s) CROTHALL HEALTHCARE INC CONSOLIDATES and SAINT JOHN'S HEALTH CENTER employee(s) TANYA COLLINS Employee relations representative, SANDRA SCHUSTER Senior Human Resource Representative, TRACY LEWIS

Human Resource Representative, Director of EVS BRYANT PENDER, and supervisor(s) CRYSTAL, ESTHER and JESSICA retaliated and conspired to suppress and or alter video evidence of the sexual harassment the Plaintiff was subjected to on June 27, 2017 in order to discredit the Plaintiff and protect their colleague from any corrective action. [Govt. Code§ 12940(I)] [Title VII]

### SECOND CAUSE OF ACTION OF RETALITION-RESPONDENT SUPERIOR

24.    On July 14, 2017, the defendant SAINT JOHN'S HEALTH CENTER male employee retaliated against the Plaintiff by slamming an anterior door on the Plaintiffs left arm and taunted the Plaintiff sarcastically "Do you need to make a report about that!" [Govt. Code§ 12940(I) (h)]   [CACI §2505] [Title VII]

### THIRD CAUSE OF ACTION HOSTILE ENIVORMENT AND RETALIATION- RESPONDEAT SUPERIOR

25.    On or about July 20, 2017, two females employed by defendant SAINT JOHN'S HEALTH CENTER PROVIDENCE HEALTH AND SERVICES (nurse or CNA) aggressively walked into her personal space and as the St. John's Employee continue to walk toward the plaintiff her personal space was minimized and to avoid a collision and possible additional bodily injury the Plaintiff to move away to avoid any physical contact but the hostile St. John's employee would not stop her advances and caused the plaintiff to be run into the nurses' station hitting the right side of her body and pinky finger. [Govt. Code§ 12940(I)]

### FOURTH CAUSE OF ACTION HOSTILE ENVIROMENT-RETALIATAION

25.    On or about July 24, 2017," Lena" a long- time employee of CROTHALL HEALTHCARE INC CONSOLDATE used her housekeeping cart to ram the Plaintiff in the stomach causing the Plaintiff to hit her back against the railing and head against the elevator wall. As "Lena" exited the elevator she called the Plaintiff a  "Chismosa" or big mouth. [Title VII]

### FIFTH CAUSE OF ACTION BREACH OF CONTRACT

26.    On or about August 7, 2017, the plaintiff alleges that upper management employed by defendant(s) CROTHALL HEALTHCARE INC CONSOLIDATE Human Resource Representative

TRACY LEWIS and Director of EVS BRYANT PENDER were informed of retaliatory acts and made no effort to remedy such violations and protect the Plaintiff. [Govt. Code§ 12940(I)]

### SIXTH CAUSE OF ACTION HOSTILE ENVIROMENT-RESPONDEAT SUPERIOR

27.    On or about August 8, 2017 plaintiff alleges that SAINT JOHN'S CENTER PROVIDENCE HEALTH AND SERVICES male employee(s) followed plaintiff in the halls in an aggressively intimidating manner; female employee(s) also participated in following plaintiff in the halls and at times into the bathroom and then walking out and reporting to unknown persons that "she's just washing her hands" .

### SEVENTH CAUSE OF ACTION RETALIATION

28.    On or about August 9, 2017 plaintiff alleges that SAINT JOHN'S CENTER PROVIDENCE HEALTH AND SERVICES and CORTHALL HEALTHCARE INC CONSOILDATE employee(s) continued to retaliate against the plaintiff by turning on the heat in rooms being serviced by the plaintiff to intolerable levels . Plaintiff reported action to supervisors(s) CRYSTAL, ESHTER, OSCAR and the Director of EVS BRYANT PENDER. No action was taken. [Title VII][CACI §2505]

### EIGHTH CAUSEOF ACTION HOSTILE ENVIRONMENT AND RETAILATION

29.    On or about August 10, 2017 plaintiff alleges that SAINT JOHN'S CENTER PROVIDENCE HEALTH AND SERVICES employee(s) retaliated against the plaintiff by removing caution wet floor signs from in front of public bathrooms and employee common area (e.g. kitchens) creating an unsafe environment for patients and families. Plaintiff reported to supervisor(s) CRYSTAL AND JESSICA no action was taken. [Title VII] ][CACI §2505]

### NINTH CAUSE OF ACTION RETAILATION

30.    On or about August 15, 2017 Plaintiff alleges that after complaining about being followed, plaintiff was sent home by CROTHALL HEALTHCARE INC CONSOLIDATE employee Director of EVS BRYANT PENDER and on August 16, 2017 the Plaintiff was placed on paid administrative leave by TRACY LEWIS who gave no clear explanation or formal documentation citing any policy that had been violated. Plaintiff on August 20, 2017, called and sent e-mails for clarification but no response. On August 22, 2017, Plaintiff again inquired again being placed on the leave and the

Director of EVS BRYANT PENDER, asked the Plaintiff when was the Plaintiff was returning to work. [Govt. Code§ 12940(I)] [Title VII]  [Public. Policy § 2433]

.

## TENTH CAUSE OF ACTION HOSTILE ENVIROMENT

31.    On or about August 25, 2017 Plaintiff alleges that a CROTHALL HEALTHCARE INC CONSOLDLIATE employee named "Brandon" from the transportation department followed and mimicked the Plaintiffs movements in a threatening manner. The Plaintiff motioned to "Brandon" to take the elevator but he just stood next to the Plaintiff and replied "No, I'm waiting for you".  The Plaintiff was forced to take the elevator with "Brandon" who followed the Plaintiff off the elevator and to the next room that was to be serviced. "Brandon" only left when the Plaintiff picked up the phone to call the supervisors.  [Title VII] ][CACI §2505]

## ELEVENTH CAUSE OF ACTION RETAILATION

32.    On or about August 28, 2017 a complaint was made against "Brandon" to CROTHALL HEALTHCARE INC CONSOLIDATES 1 HR number where the Plaintiff was ridiculed by employee(s) SHERRY AND KAREN who made it difficult to make the compliant. . [Govt. Code§ 12940(I)]

## TWELTH CAUSE OF ACTION HOSTILE ENVIROMENT

33.    On or about September 6, 2017, the Plaintiff alleges that during a rest period, plaintiff was reaching for a cup when an employee named "Erma" employed by SAINT JOHN'S CENTER PROVIDENCE HEALTH AND SERVICES pinned the plaintiff against the counter as a way to harass and annoy the plaintiff. [Title VII]

## THIRTEENTH CAUSE OF ACTION RETAILATION

34.    On or about September 8, 2017 the Plaintiff alleges that CROTHALL HEALTHCARE INC CONSOLIDATE supervisor CRYSAL tried to coerce the Plaintiff into walking into a room that was labeled "CONTACT" without the proper PPE ( Personal Protective Equipment) and became agitated when Plaintiff refused to service the room. [Govt. Code§ 12940(I)(h)] [Title VII] [OSHA 29 U.S.C. 651]

## FIFTHTEENTH CAUSE OF ACTION HOSTILE ENVIROMENT RETALIAION

35.     On or about September 12, 2017 Plaintiff alleges that CROTHALL HEALTHCARE INC CONSOLDATE supervisor(s) CRYSTAL, JESSICA and ESTHER placed the Plaintiff in an unsafe situation where an unstable patient was allowed to occupy and roam in the same area that needed to be serviced. Plaintiff asked both the male nurses on duty and immediate supervisors if the patient who appeared to be unstable and erratic could be moved until the task was finished and the response was "No". Plaintiff told supervisors that the situation was unsafe and was met with stern verbal reprimand from supervisor ESTHER. . [Govt. Code§ 12940(I) (h)] [Title VII] [OSHA 29 U.S.C. 651]

## SIXTHTEENTH CAUSE OF ACTION HOSTILE ENVIROMENT

36.     On or about September 22, 2017 Plaintiff alleges that SAINT JOHN'S CENTER HEALTH AND SERVICES employee by the name of "Ray" aggressively walked behind the Plaintiff and in an intimidating manner brushed the shoulder of the Plaintiff as he walked by. [Title VII]

## SEVENTHEENTH CAUSE OF ACTION RETALATION

37.     On or about September 29, 2017 Plaintiff alleges that CORTHALL HEALTHCARE INC CONSOLDIATE and SAINT JOHN'S CENTER PROVIDENCE HEALTH AND SERVICES conspired to overwhelm the Plaintiff by sending a barrage of high priority rooms to the Plaintiff's pager resulting in the Plaintiff being reprimanded by supervisor(s) CRYSTAL, ESTHER and JESSICA because the work was not being completed. [Title VII]

## EIGTHTEENTH CAUSE OF ACTION BREACH OF CONTRACT

38.     On or October 1, 2017 the Plaintiff alleges CROTHALL HEALTHCARE INC CONSOLDIATE supervisor ESTHER engaged in a conversation within earshot of the Plaintiff with a subordinate who asked ESTHER when the Plaintiff was losing her job. ESTHER responded "she is" and told the co-worker to hold on she would tell her in a minute. . [Govt. Code§ 12940(I)] [Title VII]

## NINETHEETH CAUSE OF ACTION HOSTILE ENVIROMENT

39.     On or October 12, 2017 Plaintiff alleges CROTHALL HEALTHCARE INC CONSOLIADATE and SAINT JOHN'S HEALTH CENTER PROVIDENCE HEALTH AND

SERVICES employee(s) and supervisor(s) CRYSTAL and OSCAR planned and devised a plan to create a hostile situation in the hopes that the Plaintiff would be reprimanded and discharged. Upon entering the room the Plaintiff was removing trash when the Plaintiff noticed that the patient's items were still in the room. The plaintiff gathered the patient's belongings and two vials of blood fell out of some papers the bag was sitting atop. The Plaintiff tried to give the items to the nurses outside the room but they would not take, instead directing the Plaintiff to the Charge Nurse who would not take the items either but started verbally accosting the Plaintiff about the items. The Plaintiff tried to explain several times but was overcome by the charge nurse and her tone. The Plaintiff called for assistance, mentally overwhelmed and frustrated at the events that had taken place, tried to explain what happened but supervisor CRYSTAL blamed the Plaintiff for what happened. Supervisor CRYSTAL dismissed the Plaintiff and took the Plaintiff to the office where supervisor OSCAR sent the Plaintiff home. [Govt. Code§ 12940(I)] [Title VII]  [OSHA 29 U.S.C. 651]

## TWENTIETH CAUSE OF ACTION RETAILATION

40.    On or about October 13, 2017 the Plaintiff alleges that the Director of Environmental Services, BRYANT PENDER an employee for CORTHALL HEALTHCARE INC CONSOLDIATE was informed of the prior events and how it left the Plaintiff feeling emotional and mentally overwhelmed and just having a general feeling of not being safe on the job expressed her apprehension about returning to work. The Director stated he needed to look into the incident. Plaintiff was continually asked when she was coming back to work. [Title VII] [OSHA 29 U.S.C. 651]

## TWENTY-FIRST CAUSE OF ACTION RETALATION

41.    On or about October 17, 2017 the Plaintiff alleges that while waiting to hear back from the Director of EVS BRYANT PENDER who is an employee for CORTHALL HEALTHCARE INC CONSOLIDATE conspired with upper management SANDRA SCHUSTER Senior Human Resources Representative, and TRACY LEWIS Human Resources Representative conspired to unlawfully discharge the Plaintiff by fraudulently placing the Plaintiff on FMLA which the Plaintiff did not qualify in an effort to create a false narrative about the absences of the Plaintiff instead of addressing the unsafe, hostile conditions. [Govt. Code§ 12940(I)] [OSHA 29 U.S.C. 651]

42. On or about October 20, 2017 the Plaintiff alleges received unrequested paperwork for FMLA dated October 13, 2017 stating the Plaintiff needed to provide medical documentation in order to return to work or the termination would stand effective October 25, 2017. [Govt. Code§ 12940(I)] [Title VII] [Pub. Policy § 2433]

## TWENTY-SECOND CAUSE OF ACTION RETALATION

43. On or about October 2017, the Plaintiff alleges that CROTHALL HEALTHCARE INC CONSOLIDATE and its upper management SANDRA SCHUSTER Senior Human Resources Representative, TRACY LEWIS Human Resource Representative and Director of Environmental Service, BRYANT PENDER made false statements and provided documentation to unemployment in the effort to further injure the Plaintiff economically and avoid having CORTHALL HEALTHCARE INC CONSOLIDATES unemployment account from being charged. [Govt. Code§ 12940(I)] [Title VII] [Public. Policy § 2433]

**WHEREFORE, plaintiff prays judgment against defendants, and each of them, as follows:**

1. For general damages according to proof; **as Judge deems appropriate**

2. For medical and related expenses according to proof; **as the Judge deems appropriate**

3. For lost earnings, past and future, according to proof; **as the  Judge deems appropriate**

4. For interest as allowed by law; **as the Judge deems appropriate**

5. For costs of suit incurred herein; **as the Judge deems appropriate**

6. **For such other and further relief as the court may deem proper.**

By_____

YMA RAMIREZ

March 8, 2018

COMPLAINT FOR DAMAGES - 12

# EXHIBIT 1

EEOC Form 161 (11/16)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Yma Ramirez<br>43508 Kirkland Ave. #179<br>Lancaster, CA 93535 | From: Los Angeles District Office<br>255 E. Temple St. 4th Floor<br>Los Angeles, CA 90012 |
|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 480-2018-00589 | Denise X. Long,<br>Enforcement Supervisor | (213) 894-1050 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Rosa M. Viramontes,
District Director

1/3/2018
(Date Mailed)

Enclosures(s)

cc:   Bobby Kutteh
CEO
Crothall Services Group
1500 Liberty Ridge Drive
Suite 210
Wayne, PA 19087

# EXHIBIT 2

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To:   **Yma Ramirez**
      **43508 Kirkland Ave. #179**
      **Lancaster, CA 93535**

From:   **Los Angeles District Office**
        **255 E. Temple St. 4th Floor**
        **Los Angeles, CA 90012**

☐   *On behalf of person(s) aggrieved whose identity is*
    *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 480-2018-00193 | Denise X. Long,<br>Enforcement Supervisor | (213) 894-1050 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

**Rosa M. Viramontes,**
**District Director**

12/12/17
(Date Mailed)

Enclosures(s)

cc:   **Cindy Strauss**
      **EVP, Chief Legal officer**
      **Providence Health & Services**
      **1801 Lind Ave, #9016**
      **Renton, WA 98057**